# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCHLANGER INSURANCE TRUST ) <br> (ANDREA SCHLANGER, TRUSTEE), ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> (1) JOHN HANCOCK LIFE INSURANCE ) <br> (U.S.A.), INC., ) <br> (2) MORGAN STANLEY SMITH ) <br> BARNEY LLC, and ) <br> (3) J. CHARLES ADAM, JR., ) <br> ) <br> Defendants. ) | Case No. 10-CV-576-TCK-FHM |

## OPINION AND ORDER

Before the Court is Plaintiff's Opposed Motion for Leave to File Amended Complaint ("Motion to Amend") (Doc. 74).

## I.  Factual Allegations

Plaintiff Schlanger Insurance Trust ("Plaintiff or Trust"), is an Oklahoma trust formed pursuant to a trust agreement dated July 1, 1983 of which Andrea Schlanger ("Trustee") is the sole trustee. Defendant John Hancock Life Insurance (U.S.A.), Inc. ("Hancock") is the predecessor of Manufacturers Life Insurance Company (U.S.A.), which issued a life insurance policy ("Manulife Policy") on the life of Sondra Rose Schlanger ("Schlanger"). The Trust is the beneficiary of such policy. Defendant J. Charles Adam ("Adam"), Jr. is a securities and life insurance salesman employed by Defendant Morgan Stanley Smith Barney, LLC ("Smith Barney"). Adam represented Smith Barney and Hancock, as Hancock's agent, in the sale of the Manulife Policy. Plaintiff alleges, *inter alia*, that Smith Barney and Adam (1) made material misrepresentations and omissions to induce Plaintiff to purchase the Manulife Policy; (2) falsified a form related to such purchase; and (3) advised the Trust not to pay certain premiums. Plaintiff alleges that Hancock then demanded

exorbitant premiums to avoid lapse of the Manulife Policy, that the Trust refused to make such payments, and that the policy lapsed. The Manulife Policy was allegedly sold to Plaintiff as a "replacement policy" for a prior insurance policy issued by Conseco Life Insurance ("Conseco Policy").

In Count One of its Complaint, filed September 13, 2010, Plaintiff alleges that Defendants Hancock and Smith Barney breached their promise to pay death benefits in exchange for an annual premium and seeks a declaration that, upon the death of Schlanger, Hancock shall be obligated to pay the Trust the sum of $1,000,000. In Counts Two and Three, Plaintiff alleges that Defendants fraudulently induced Plaintiff to purchase the Manulife Policy and engaged in constructive fraud in connection with the sale of the policy. As relief for Counts Two and Three, Plaintiff requests that the Court rescind the Manulife Policy. In Count Four, Plaintiff asserts that Adam made negligent misrepresentations in connection with the sale of the Manulife Policy and again requests the relief of rescission. Count Five is entitled "Breach of Contract - Advice Not to Pay 2003-2005 Premiums"[1] and requests rescission of the Manulife Policy.

On July 28, 2011, the Court entered a Scheduling Order[2] setting a deadline of August 25, 2011 for motions to amend pleadings. On October 13, 2011, Plaintiff filed the instant motion seeking leave to amend its Complaint to add three new counts against all Defendants. Proposed Count Six is entitled "Fraudulent Inducement of Lapse of Policy – Violation of 36 O.S. §§ 1203, 1204, and Okla. Admin. Code 365:25-3-8." Plaintiff alleges that Defendants' misrepresentations

---

[1] This count also alleges that Adam breached the standard of care customarily used by insurance agents in the industry, but it is labeled as a breach of contract claim.

[2] The delay between filing and entry of a schedule was due to a motion to stay and compel arbitration filed by Defendants, which was subsequently withdrawn.

and omissions advocated destruction of the Conseco Policy to the detriment of Plaintiff, in violation of the above-cited Oklahoma statutory and administrative law. Proposed Count Six requests a money judgment in the amount of $1,000,000 plus all premiums paid under the Manulife Policy, less $27,683 per year from 2002 through Schlanger's life expectancy. In proposed Count Seven, entitled "'Twisting' - Violation of Okla. Admin. Code 365:25-3-9," Plaintiff alleges that Defendants' misrepresentations and omissions constitute "twisting," as such term is defined in Oklahoma administrative law. Proposed Count Seven requests the same money judgment as that requested in proposed Count Six. Proposed Count Eight is entitled "Deceptive and Unfair Practices - Violation of 36 O.S. §§ [sic] 1203" and alleges that certain misrepresentations and omissions by Defendants constitute violations of 36 O.S. §§ 1203, 1204. Proposed Count Eight requests the same money judgment as that requested in proposed Counts Six and Seven.

## II. Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave when justice so requires." District courts have wide discretion to allow amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). District courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City, and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation omitted). Defendants oppose amendment on grounds of untimeliness and futility. (*See* Dos. 76 (Defendant Hancock); Doc. 77 (Defendants Smith Barney and Adams).)[3]

---

[3] The Court denies Plaintiff's Motion to Amend on grounds on untimeliness and therefore does not reach the issue of futility.

3

Under Tenth Circuit law, "untimeliness alone is an adequate reason to refuse leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (internal citations omitted). Where the party seeking amendment "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* at 1366. In this case, Plaintiff filed the Motion to Amend almost two months following the Court's deadline for amendment. Plaintiff has made no attempt to explain such delay. Plaintiff has therefore failed to show that its untimely motion was caused by the discovery of new facts, new evidence, or excusable neglect.

Further, the proposed new claims are based on facts alleged at the outset of the litigation, and Plaintiff has provided no explanation for failing to include such counts in its original pleading. In its reply brief, Plaintiff conceded that the proposed amendments are simply additional fraud and/or fraudulent inducement claims based on conduct previously pled.

> [T]he counts are nothing more than separate causes of action for fraud and fraudulent inducement based on the Defendants' actions, which happen to be prohibited by the Insurance Code. Each of the new counts clearly articulates a cause of action for fraud and/or fraudulent inducement. Plaintiff's new counts of fraud, although involving and referencing the Insurance Code and Insurance Regulations, are not being brought "pursuant to" the Code but rather under theories of fraud and fraudulent inducement.

(Pl.'s Reply 2.) Plaintiff made such contention in response to Defendants' argument that amendment was futile because the statutes and regulations in the proposed counts did not create private rights of action. While the Court does not reach the futility question, Plaintiff's admission indicates that

4

the existence of the proposed claims should have been known to Plaintiff at the time of filing suit.[4]

Therefore, the Motion to Amend is denied as untimely.

## IV. Conclusion

Plaintiff's Opposed Motion for Leave to File Amended Complaint (Doc. 74) is DENIED.

**IT IS SO ORDERED** this 29th day of February, 2012.

*[signature: Terence Kern]*
**TERENCE KERN**
**United States District Judge**

---

[4] It also indicates that Plaintiff's proposed claims could be stricken, as they are likely redundant with previously pled fraud and fraudulent inducement claims. *See* Fed. R. Civ. P. 12(f) (authorizing court to strike redundant matter in a pleading).